UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL DON WESTMAN,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 1:20-cv-00173-DCN<br>1:18-cr-00150-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court in the above entitled matter is Petitioner Michael Westman's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Dkt. 1.[1] The Government filed a Response to Westman's Motion. Dkt. 3. Westman filed a reply. Dkt. 4. For the reasons set forth below, the Court DENIES the motion.

## II. BACKGROUND

On September 25, 2018, Westman entered a plea of guilty, pursuant to a plea agreement, to one count of Unlawful Possession of a Firearm under 18 U.S.C. § 922(g)(1).[2] CR–150, Dkts. 15; 33. The Court found Westman's guideline range of 46–57 months was excessive given the offense level of seventeen, a criminal history category of five, and to

---

[1] In this Order, "CR–150" is used when citing to Westman's criminal case record in 1:18-cr-00150-DCN-1. All other docket citations are to the record in the instant civil case. Westman also filed a Motion to Vacate in his criminal case. CR–150, Dkt. 27.

[2] Westman's plea agreement waived his right to appeal his sentence for any reason other than the ineffective assistance of counsel under § 2255. Dkt. 3, at 4.

MEMORANDUM DECISION AND ORDER - 1

account for seven months incarceration Westman previously served that he would not otherwise get credit for. CR–150, Dkt. 32, at 1. Considering the sentencing guidelines and the factors set forth under 18 USCS § 3553(a), the Court ultimately sentenced Westman to thirty-nine months incarceration and three years of supervised release on July 26, 2019. CR-150, Dkt 32, at 1–3.

On April 3, 2020, Westman timely filed his Motion to Vacate to which the Government replied on May 11, 2020.[3] Dkts. 1; 3. On May 26, 2020, Westman replied to the Government opposition. Dkt. 4.[4]

### III. LEGAL STANDARD

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;"

---

[3] The Government, in their reply, concedes that Westman's Motion is timely. Dkt. 3, at 2; § 2255(f)(1–4) (stating a one year statute of limitations period applies to a motion brought under this section from the time that a judgment of conviction becomes final.) A judgment of conviction becomes final when it "has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari denied." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001); *see United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015). Additionally, Westman alleges the Government's reply was untimely by two days beyond the thirty days required in the April 10, 2020 scheduling order. Dkts. 2; 4, at 3–5. However, the court has discretion in determining if a Government response is warranted and the appropriate timeline the Government may respond to a § 2255 motion. Rule 4 of the Rules Governing Section 2255 Proceedings & Advisory Committee Note; *United States v. Boniface*, 601 F.2d 390, 392 (9th Cir. 1979). In this instance, the thirty-day deadline fell on Sunday May 10, 2020, which prevented the Government from filing a response given the closure of the court on weekends. Dkt. 3. Therefore, given the discretion granted to district courts to determine a timely response to a § 2255 motion, this Court finds the Government's response was timely and not at issue in this case.

[4] While the sentencing Judge—in this case, Judge Edward J. Lodge—would normally decide any post-sentencing motions, this case was reassigned to the undersigned Judge on April 9, 2020, due to Judge Lodge taking inactive status. CR-150, Dkt. 36.

MEMORANDUM DECISION AND ORDER - 2

(3) "that the sentence was in excess of the maximum authorized by law;" or (4) "that the sentence is otherwise subject to collateral attack[.]" § 2255(a).

Relief under § 2255 is afforded "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." § 2255(b). Furthermore, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062–63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

## IV. ANALYSIS

### A. Ineffective Assistance of Counsel

Here, Westman claims ineffective assistance of counsel via § 2255. As the United States Supreme Court has noted, "[a] court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).[5] Therefore, Westman must satisfy both prongs of "the two-part *Strickland v. Washington* test." *Hill v. Lockhart*, 474 U.S. 52, 56–58 (1985) (citing *Strickland*, 466 U.S. at 687–90); *see also Lee v. United States*, 137 S. Ct. 1958, 1964–67 (2017). To establish ineffective assistance under that test here, Westman had to show (1) that his counsel's advice to plead guilty was not "'within the range of competence demanded of attorneys in criminal cases,'"; and (2) "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 56–59 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *see also United States v. Silveira*, 997 F.3d 911 (9th Cir. 2021).[6]

In this case, Westman alleges three cases should have been raised by his counsel prior to signing his plea agreement: *Mathis v. United States*, 136 S. Ct. 2243, 2251–57 (2016); *United States v. Havis*, 927 F.3d 382, 383–87 (6th Cir. 2019); and *United States v.*

---

[5] In applying that presumption, a court must make an effort "to eliminate the distorting effects of hindsight" and instead "to reconstruct the circumstances of counsel's challenged conduct" and "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

[6] To satisfy the *Strickland* prongs, Westman must identify specific deficient acts or omissions of defense counsel. *Strickland*, 466 U.S. at 690. Also, when a defendant's Section 2255 claim "is conclusory or inherently incredible, a district court has the discretion to dismiss the petition without a hearing." *United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004).

*Tanksley*, 848 F.3d 347, 349–52 (5th Cir. 2017). Dkts. 1, at 4; 4, at 1–19. However, only *Mathis* is applicable in this jurisdiction as *Havis* and *Tanksley* are from outside of the Ninth Circuit and can thus only serve as persuasive authority (as opposed to *Mathis*, which is binding on the Court). Oddly, while arguing his counsel should have brought these cases to his attention, Westman admits his counsel found *Havis* "on a phone call prior to sentencing." Dkt. 4, at 7. However, *Havis* would require "[filing] for a continuance" with the possibility that a continuance may result in an "unfavorable" result from a newly assigned judge compared to the current judge in this case. Dkt. 4, at 7–9. The Court frankly fails to understand this argument as forum shopping falls outside the range of professional assistance. Additionally, any purported failure to raise out of circuit cases is meritless and any "failure" to raise the Supreme Court case *Mathis*, with nothing more, cannot rise to the level of ineffective assistance of counsel. Indeed, Westman's claim that *Mathis* is applicable to his case is merely conclusory, and as such, cannot support a claim of ineffective assistance of counsel. Thus, Westman's counsel fell well within "the 'wide range' of reasonable professional assistance." *Richter*, 131 S.Ct. at 787 (quoting *Strickland*, 466 U.S. at 688). In conclusion, the Court DENIES Westman's ineffective assistance of counsel claim.

### B. Double Jeopardy Conviction

In addition to his claim for ineffective assistance of counsel, Westman argues that his conviction is unconstitutional because it violates the Double Jeopardy Clause of the Fifth Amendment.

As a threshold matter, this claim is procedurally barred. A § 2255 claimant

procedurally defaults his claims by not raising them "on direct appeal and not showing cause and prejudice or actual innocence in response to the default." *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Medrano v. United States*, 315 F.2d 361, 361-62 (9th Cir. 1963) (finding petitioner's challenge of evidentiary sufficiency for jurisdictional fact of drug possession in federal narcotics conviction was procedurally defaulted)). Westman did not raise this issue on direct appeal and has made no showing of "cause and prejudice" or actual innocence. He cannot make this claim now.

Furthermore, Westman loses on the merits of his claim. The Double Jeopardy Clause of the Fifth Amendment provides "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

In this case, Westman has failed to raise a prima facie allegation of double jeopardy. Westman was charged with Unlawful Possession of a Firearm and two Firearm Forfeiture statutes: § 922(g)(1), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c). CR-150, Dkt. 1, at 1–3. Westman claims these statutes overlap and violate the Double Jeopardy Clause; however, these statutes do not overlap. In fact, in *United States v. Soto*, the Ninth Circuit held § 922, § 924, and § 2461 were designed for different purposes: § 922 criminalizes the possession of firearms and ammunition by an unlawful user, while § 924 involves civil forfeiture of firearms and ammunition, and § 2461 involves criminal forfeiture of property. *United States v. Soto*, 915 F.3d 675, 678–81 (9th Cir. 2019). Even if Westman's claim of double jeopardy was not barred as conclusory and untimely, the statutes he challenges are not overlapping in purpose. Therefore, the Court will DENY Westman's double jeopardy

claims.

## C. First Step Act

Finally, Westman argues that his sentence was enhanced in violation of the First Step Act. As with his other claims, Westman provides little by way of evidence in support of this assertion.

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). However, Westman can request modification of his sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), which added a provision to allow defendants, not only the Director of the Bureau of Prisons (BOP), to file a motion for reduction of sentence after exhausting administrative remedies or waiting thirty days after the warden's receipt of a request.

Westman has yet to make any claim of compassionate release upon the Director of the BOP, and since no administrative exhaustion has occurred by Westman, the Court must deny Westman's request for modification of his sentence.[7] *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1088–89 (N.D. Cal. 2020) (denying a petitioner's request for

---

[7] Westman claims the First Step Act of 2018 (FSA) applies, but his claims are merely conclusory since he has provided no Director of BOP request for a reduction in sentence. Dkts. 1, at 5; 4, at 5–24. Also, the Government agrees that Westman has not raised this issue outside of his claim of ineffective assistance of counsel. Dkt. 3, at 5-6. Indeed, Westman did not raise the First Step Act before the court, and there is no cite to a specific provision that his sentence supposedly violated. *Id.*

modification of sentence since administrative remedies have not been exhausted).

In sum, the Court DENIES Westman's arguments based upon the First Step Act.

## V. CERTIFICATE OF APPEALABILITY

When a district court enters a final order denying a petition under § 2255, it must either issue or deny a certificate of appealability ("COA"). By statute, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth above, the Court concludes that Westman has failed to make any showing, let alone a substantial showing, of the denial of a constitutional right. Accordingly, the Court will not issue a COA.

If Westman wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a COA from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2). *Id.* ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c) . . . .").

## VI. CONCLUSION

For all the reasons stated above, the Court finds no reason to set aside Westman's

conviction or sentence; review his conviction based upon a double jeopardy claim; or review a First Step Act sentence reduction at this time. Furthermore, the Court finds it unnecessary to conduct an evidentiary hearing on the same. Thus, the motion is DENIED.

## VII. ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

a. Westman's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt.1); CR–150 (Dkt. 1) is **DENIED**. The Clerk of the Court is directed to file this Order in both the criminal and civil case.

b. The Court finds there is no need for an evidentiary hearing.

c. No certificate of appealability shall issue. Westman is advised that he still may request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

d. If Westman files a timely notice of appeal, and not until such time, the Clerk of the Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: August 16, 2021

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9